FILED
U.S. DIST COURT
MIDDLE DIST. OF L'A

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

2005 DEC -5 P 3: 55

SIGN
BY DEPUTY CLERK

| | | |
|---|---|---|
| LARRY S. PEARSON, on | ) | CASE NO.: |
| behalf of himself and those similarly | ) | 05- 1377 JVP- DLD |
| situated, | ) | **CLASS ACTION** |
| Plaintiff, | ) | |
| | ) | **COMPLAINT FOR** |
| v. | ) | **VIOLATION OF THE FAIR** |
| | ) | **CREDIT REPORTING ACT** |
| NOVASTAR HOME | ) | |
| MORTGAGE, INC., | ) | |
| Defendant. | ) | DEMAND FOR JURY TRIAL |

## CLASS ACTION COMPLAINT

Plaintiff, Larry S. Pearson, brings this action, individually and on behalf of the class of persons defined below, against Defendant, Novastar Home Mortgage, Inc. Plaintiff alleges the following on information and belief, formed after a reasonable inquiry under the circumstances.

### PARTIES

1. Plaintiff, Larry S. Pearson, is a resident of Orlando, Florida.

2. Defendant Novastar Home Mortgage, Inc. (hereinafter referred to as "Novastar"), is a Delaware corporation which maintains a place of business at 11550 Newcastle Avenue, Suite 200, Baton Rouge, Louisiana.

3. Defendant conducts retail residential mortgage lending operations from offices in Baton Rouge, Louisiana.

1

JS- summons issued

4.     Defendant originates nonconforming or subprime residential mortgages nationwide.

## JURISDICTION AND VENUE

5.     The Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 based upon claims brought pursuant to 15 U.S.C. §1681p.

6.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(a).

## THE FAIR CREDIT REPORTING ACT'S PROTECTION OF THE CONSUMER'S RIGHT TO PRIVACY

7.     The Fair Credit Reporting Act, 15 U.S.C. §§1681 – 1681w (the "FCRA"), is a consumer protection statute which regulates the activities of consumer reporting agencies and users of consumer reports, and which provides certain rights to consumers affected by use of the collected information about them.

8.     Congress designed the FCRA to preserve the consumer's right to privacy by safeguarding the confidentiality of the information maintained by the consumer reporting agencies.

9.     Congress stated in the opening section of the FCRA, "There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. §1681(a)(4).

10.    The FCRA provides for civil remedies to consumers for violations of the FCRA, including nominal damages, statutory damages, punitive damages, costs and attorneys' fees. 15 U.S.C. §1681n.

## PERMISSIBLE PURPOSE FOR OBTAINING
## A CONSUMER REPORT

11.    Under the FCRA, the term "consumer report" means any written, oral, or other communication of *any information* by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in the underwriting of credit transactions involving the consumer. 15 U.S.C. §1681a(d)(1).

12.    Under the FCRA, the term "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in the practice of assembling or evaluating consumer credit information *or other information* on consumers for the purpose of furnishing consumer reports to third parties.   15 U.S.C. §1681a(f).

13.    Congress has chosen to protect the consumer's right to privacy by prohibiting any release of consumer reports unless the release is for one of the permissible purposes listed in 15 U.S.C. §1681b(a) and §1681b(c).

14.    Section 1681b(f) in turn provides, "A person shall not use or obtain a consumer report for any purpose unless - (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section [1681b]."

15.    The permissible purposes listed in 1681b usually arise only in connection with transactions initiated by the consumer. See §1681b(a)(3)(A)-(F) (authorizing the use of consumer reports when the consumer has applied for credit, employment, or insurance).

16.    One of the few circumstances in which the FCRA allows the use of a consumer report in the absence of a consumer-initiated transaction is when the recipient of the information undertakes to extend to the consumer a "firm offer of credit." See §1681b(c)(1).

17.    The process whereby a consumer reporting agency compiles or edits a list of consumers who meet specific criteria and provides the list to users for use in extending a "firm offer of credit" to the listed consumers is sometimes referred to as "prescreening." See FTC Official Staff Commentary §604(3)(A) item 6.

4

18.    Any information relating to a consumer in a prescreening list provided by a consumer reporting agency is a consumer report.  15 U.S.C. §1681a(d) and §1681b(c)(1).

19.    In addition to invading a consumer's privacy, the inclusion of information about a consumer in a prescreening list increases the consumer's risk of identity theft.

20.    Because a prescreening user is obtaining access to the consumer's private and confidential information in a transaction not initiated by the consumer, the FCRA imposes strict conditions on the offers that qualify such use as a permissible purpose.  The "firm offer of credit" must be one that "will be honored" if the consumer meets specific criteria used to select the consumer for such offer.  See §1681a(*l*).  The "firm offer of credit" must be more than a mere advertisement or solicitation, and must have value to the consumer.

## CLEAR AND CONSPICUOUS DISCLOSURES
## IN WRITTEN SOLICITATIONS

21.    Users who invoke the "firm offer of credit" permissible purpose must, pursuant to §1681m(d), provide to each consumer who receives a written firm offer a "clear and conspicuous statement" that discloses: (A) the information contained in the consumer's consumer report was used in

connection with the transaction; (B) the offer is conditioned upon certain additional criteria; (C) the offer may not be extended if the consumer does not continue to meet those criteria or does not provide required collateral; and (D) the consumer has the right to prohibit the future use of his or her consumer report in connection with unsolicited firm offers of credit or insurance. This last disclosure is known as the "opt-out" of future offers. The clear and conspicuous disclosure must also provide the consumer with a toll-free number to call if the consumer wishes to prevent such promotional uses of his or her credit report in the future.

## NOVASTAR'S PRESCREENING PRACTICES

22.    Novastar regularly obtains consumer reports on large numbers of individuals who did not initiate a transaction with Novastar and who did not authorize the release of such reports.

23.    Novastar obtains such consumers' reports without the knowledge or consent of the consumers by purchasing prescreening lists from consumer reporting agencies.

24.    Novastar uses these prescreening lists to contact the targeted individuals by direct mail.

25.     Novastar mails standardized written solicitations to individuals on the prescreening lists which Novastar purchases from consumer reporting agencies.

26.     Novastar's written solicitations to individuals on the prescreening lists are sales pitches inviting the individuals to call Novastar or to apply to Novastar for a loan.

27.     Novastar's written solicitations to individuals on the prescreening lists do not provide the essential terms of a credit transaction.

28.     Novastar's standardized written solicitations do not provide the amount of credit to be extended.

29.     Although Novastar's written solicitation states that the addressee has been approved a specific amount, Novastar's written solicitation also states:

> "Rates, terms and loan amounts are estimates only and may vary on each loan and are subject to change.  This is not a commitment to lend money.
>
> \* \* \*
>
> "*Actual amount if [sic] credit may vary.  Information continued in your credit file was used in preparing this offer.
>
> \* \* \*

"Amount represents what you may be able to receive to consolidate bills, make home improvements, or get cash; your actual loan amount may vary."

30.     Novastar's written solicitations do not provide the rate of interest Novastar proposes to charge.

31.     Novastar's written solicitations do not provide the method of computing interest or the length of the repayment period.

32.     The absence of the amount of credit to be extended, the rate of interest to be charged, the method of computing interest, and the length of the repayment period prevent the consumer from being able to determine whether it is advantageous to accept the "offer."

33.     Novastar's standard written solicitation does not contain or qualify as a "firm offer of credit" under the FCRA.

34.     Novastar's written solicitations sent to individuals on the prescreening lists do not provide in a clear and conspicuous manner the disclosures required by the FCRA.  Novastar places the disclosures on the reverse side of the solicitation.  Rather than make the disclosures conspicuous by using bold print or capital letters, Novastar uses a reduced size print in the disclosures.

## INDIVIDUAL FACTUAL ALLEGATIONS

## OF LARRY S. PEARSON

35.     Novastar obtained a consumer report on Larry S. Pearson on or about July 23, 2004.

36.     Novastar obtained a consumer report on Larry S. Pearson on or about December 20, 2004.

37.     Larry S. Pearson did not initiate any transactions with Novastar related to the consumer reports Novastar obtained on Larry S. Pearson.

38.     Larry S. Pearson did not authorize the consumer reporting agency from which Novastar obtained the consumer reports to provide a consumer report to Novastar.

39.     Novastar obtained the consumer reports on Larry S. Pearson without Larry S. Pearson's consent or knowledge.

40.     After Novastar obtained the consumer reports on Larry S. Pearson, Novastar mailed Larry S. Pearson one or more standardized written solicitations.  A copy of one of such solicitations is attached as Exhibit A.

41.     Novastar's solicitation to Larry S. Pearson is a sales pitch inviting Larry S. Pearson to apply for a loan.

42.     Novastar's solicitation to Larry S. Pearson does not provide the essential terms of a credit transaction.

43.    Novastar's solicitation states that Larry S. Pearson has "been pre-approved for $55,000 from Novastar."   Novastar's solicitation also states:

> "Rates, terms and loan amounts are estimates only and may vary on each loan and are subject to change.   This is not a commitment to lend money.

> \* \* \*

> "\*Actual amount if [sic] credit may vary.   Information continued in your credit file was used in preparing this offer.

> \* \* \*

> "Amount represents what you may be able to receive to consolidate bills, make home improvements, or get cash; your actual loan amount may vary."

44.    The solicitation fails to state the rate of interest to be charged.

45.    Novastar's solicitation does not provide the method of computing interest or the length of the repayment period.

46.    The absence of the amount of credit to be extended, the rate of interest to be charged, the method of computing interest, and the length of the repayment period prevent Larry S. Pearson from determining whether it is advantageous to accept the "offer."

47.    Novastar's solicitation does not contain or qualify as a "firm offer of credit" under the FCRA.

48.    Novastar's solicitation fails to make the disclosures required by §1681m(d) in a clear and conspicuous manner.

## CLASS ACTION ALLEGATIONS

49.    Plaintiff brings this action under the FCRA on behalf of himself and as representative of the following proposed class (the "Class"):

> All individuals throughout the United States whose consumer reports were obtained or used by Novastar on or after March 31, 2002, in connection with a credit transaction not initiated by them and who did not receive a firm offer of credit from Novastar.

50.    Plaintiff brings this action under the FCRA on behalf of himself and as representative of the following proposed sub-class (the "Sub-class"):

> All individuals throughout the United States whose consumer reports were obtained or used by Novastar on or after March 31, 2002, in connection with a credit transaction not initiated by them, and who received from Novastar a written solicitation to enter a credit transaction which did not provide the clear and conspicuous disclosures required by 15 U.S.C. §1681m(d).

51.    Pursuant to Rule 23 and the FCRA, Plaintiff believes this action may be maintained as a class action because all procedural elements are satisfied, as set forth below:

### 1. Numerosity

52.    Novastar is in the business of obtaining consumer reports relating to consumers throughout the United States and using credit reports

in mass marketing of credit terms nationwide. The number of consumers nationwide with respect to whom Novastar obtained consumer reports and solicited the consumer to enter a credit transaction all without undertaking to make a firm offer of credit as required under the FCRA is in excess of several thousand.   The exact number and identity of Class members is unknown to Plaintiff but can easily be determined from the records of Novastar.

53.    The Class is so numerous that it would be impractical to join all of the members of the Class within the meaning of Rule 23(a)(1).

## 2. Commonality

54.    On behalf of the Class, the representative Plaintiff brings claims which raise questions of law and fact common to all members of the Class, as contemplated by Rule 23(a)(2).  Common issues include:

(a)    Whether Novastar violated the FCRA by failing, as a matter of practice, to make a firm offer of credit to Plaintiff and other consumers after obtaining or using consumer reports on Plaintiff and other consumers in connection with credit transactions not initiated by Plaintiff and other consumers;

(b)    Whether Novastar violated the FCRA when, after obtaining or using consumer reports on Plaintiff and other consumers in

connection with credit transactions not initiated by them, Novastar, as a matter of practice, sent Plaintiff and other consumers written solicitations which did not also provide the disclosures required by 15 U.S.C. §1681m(d) in a clear and conspicuous manner;

(c)     Whether Novastar was a user of consumer reports when it obtained consumer reports relating to Plaintiff and other consumers;

(d)     Whether Novastar's practice of obtaining consumer reports in connection with credit transactions not initiated by the consumer and then failing to undertake to make a firm offer of credit to the consumer as required by the FCRA was willful;

(e)     Whether Novastar's practice of obtaining consumer reports in connection with credit transactions not initiated by the consumer and then failing to undertake to make a firm offer of credit to the consumer as required by the FCRA was in reckless disregard of Plaintiff's and other consumers' rights;

(f)     Whether Novastar's practice of obtaining consumer reports in connection with credit transactions not initiated by the consumer and then failing to undertake to make a firm offer of credit to the consumer

as required by the FCRA was in conscious disregard of Plaintiff's and other consumers' rights;

(g)     Whether Novastar's practice of obtaining consumer reports in connection with credit transactions not initiated by the consumer and then failing to undertake to make a firm offer of credit to the consumer as required by the FCRA was negligent;

(h)     Whether Novastar's practice of obtaining consumer reports in connection with credit transactions not initiated by the consumer and then providing the consumer with a written solicitation without clear and conspicuous disclosures as required by the FCRA was willful;

(i)     Whether Novastar's practice of obtaining consumer reports in connection with credit transactions not initiated by the consumer and then providing the consumer with a written solicitation without clear and conspicuous disclosures as required by the FCRA was in reckless disregard of Plaintiff's and other consumers' rights;

(j)     Whether Novastar's actions in obtaining consumer reports in connection with credit transactions not initiated by the consumer and then providing the consumer with a written solicitation without clear

14

and conspicuous disclosures as required by the FCRA were in conscious disregard of Plaintiff's and other consumers' rights;

(k)   Whether Novastar's practice of obtaining consumer reports in connection with credit transactions not initiated by the consumer and then providing the consumer with a written solicitation without clear and conspicuous disclosures as required by the FCRA was negligent; and

(l)   Whether members of the Class are entitled to recover statutory and punitive damages as a result of Novastar's actions in violating the FCRA.

### 3. Typicality

55.   In accordance with the requirements of Rule 23(a)(3), the representative Plaintiff's claims are typical of the claims of all other members of the Class, and the representative Plaintiff has no interests which are adverse or antagonistic to the interests of the Class. The representative Plaintiff's claims are typical of the claims of the Class because all such claims arise from a series of identical business practices, or a common course of conduct, involving Novastar's practice of obtaining and using consumer reports in connection with credit transactions not initiated by consumers and not undertaking to make the consumers firm offers of credit.

The representative Plaintiff's claims are typical of the claims of the Class because the claims arise from Novastar's practice of obtaining and using consumer reports in connection with credit transactions not initiated by consumers and then providing the consumers with written solicitations which do not provide the clear and conspicuous disclosures required by the FCRA.

### 4. Adequacy

56.     In accordance with the requirements of Rule 23(a)(4), the representative Plaintiff and his counsel will fairly and adequately represent and protect the interests of each member of the Class.  The representative Plaintiff and the Class share common interests, and the representative Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in class action litigation.

### Rule 23(b)(2) Allegations

57.     Novastar's practice of obtaining consumer reports on members of the Class without their knowledge or consent, and failing to undertake to extend to the members of the Class firm offers of credit is applicable to the entire Class, thereby making appropriate declaratory relief with respect to the Class as a whole.

58.     Novastar's practice of obtaining consumer reports on members of the Sub-class without their knowledge or consent, and sending to such members written solicitations which do not provide the clear and conspicuous disclosures required by 15 U.S.C. §1681m(d) is applicable to the entire Sub-class, thereby making appropriate declaratory relief with respect to the Sub-class as a whole.

### Rule 23(b)(3) Allegations

59.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Absent a class action, Class members will continue to suffer damages, and will continue to be harmed by Novastar obtaining and using their consumer reports without a permissible purpose as required by law and will continue to be harmed by Novastar obtaining and using their consumer reports in connection with credit transactions not initiated by them followed by Novastar making written solicitations without providing clear and conspicuous disclosures required by the FCRA.  The violations of law by Novastar will proceed without remedy while Novastar continues to ignore its legal obligations under the law, and consumers will be left unaware of the violation of their rights on a daily basis.  These violations undermine the core purpose of the FCRA.

60.     Most individual Class members have little ability to prosecute an individual action due to the complexity of the issues involved in this litigation, the significant costs attendant to litigation on this scale, and the comparatively small, although significant, statutory damages available to individual Class members.

61.     This action will result in an orderly and expeditious administration of Class claims. Economies of time, effort, and expense will be fostered and uniformity of decisions will be insured.

62.     This action presents no difficulty that would impede its management by the Court as a class action. In addition, a willful violation of the law may be remedied by the Court through imposition of a fine based upon each violation of the FCRA. A class action is superior to other available methods for the fair and efficient adjudication of each Class member's claim.

63.     The questions of fact common to the claims of each member of the Class, relating to the uniform failure to make a firm offer of credit after obtaining or using consumer reports relating to Plaintiff and other consumers, predominate over any facts affecting only individual members of the Class.

64.    The questions of law common to the claims of each member of the Sub-class, relating to Novastar's uniform practice of obtaining consumer reports on individuals in connection with credit transactions not initiated by the individuals and then providing the individual with a written solicitation which does not also provide the clear and conspicuous disclosures by the FCRA, predominate over any questions of law affecting only individual members of the Sub-class.

65.    Individual reliance is not a requirement to establish liability under the FCRA.

## FIRST CAUSE OF ACTION

## VIOLATION OF FAIR CREDIT REPORTING ACT
### (No Permissible Purpose)

66.    Plaintiff realleges and incorporates herein the allegations of Paragraphs 1 to 65.

67.    Novastar has a corporate policy and business practice of obtaining and using consumer reports in connection with soliciting individuals to enter credit transactions not initiated by the individuals and failing to undertake to extend to the individuals firm offers of credit.

68.    In its nationwide practice of obtaining consumer reports on individuals in connection with credit transactions not initiated by them and

then refraining from making a firm offer of credit to such individuals, Novastar has willfully ignored the requirements of the FCRA, and has made a business decision to fail or refuse to comply with the requirements of the FCRA.

69.     Novastar's adoption of its policy and Novastar's nationwide practice of obtaining consumer reports on individuals in connection with credit transactions not initiated by the individuals, and then failing to undertake to make firm offers of credit to such individuals as required by the FCRA, is in conscious disregard of those individuals' rights.

70.     Novastar's adoption of its policy and Novastar's practice of obtaining consumer reports on individuals in connection with credit transactions not initiated by the individuals, and then failing to undertake to make a firm offer of credit to such individuals as required by the FCRA, is in reckless disregard of those individuals' rights.

71.     The actions of Novastar constitute willful noncompliance with the requirements of the FCRA.    15 U.S.C. §1681b(c).    Specifically, Novastar's use and acquisition of consumer reports, as described in the preceding paragraphs, is not for a permissible purpose under the FCRA.

72.     Plaintiff and Class members have suffered damages as a result of Novastar's willful violations of the FCRA.

73.     As a result of Novastar's willful violations of the FCRA, Novastar is liable to Plaintiff and the Class members for statutory damages, nominal damages, punitive damages, costs, and their attorneys' fees herein.

## SECOND CAUSE OF ACTION

### VIOLATION OF FAIR CREDIT REPORTING ACT
### (Absence of Clear and Conspicuous Disclosures)

74.     Plaintiff realleges and incorporates herein the allegations of Paragraphs 1 to 65.

75.     Novastar has a corporate policy and practice of obtaining and using consumer reports in connection with soliciting consumers to enter credit transactions not initiated by the consumers and then sending the consumers written solicitations to enter the credit transaction without providing in a clear and conspicuous manner the disclosures required to be provided by the FCRA.

76.     Novastar's adoption of its policy and its practice and procedure of obtaining consumer reports on individuals in connection with credit transactions not initiated by the individuals, and then failing to provide with each written solicitation made to the individuals regarding the transactions the clear and conspicuous disclosures required by the FCRA, is in conscious disregard of those individuals' rights.

77.    Novastar's adoption of its policy and Novastar's practice and procedure of obtaining consumer reports on individuals in connection with credit transactions not initiated by the individuals, and then failing to provide with each written solicitation made to the individuals regarding the transactions the statutorily mandated clear and conspicuous disclosures required by the FCRA, is in reckless disregard of those individuals' rights.

78.    The actions of Novastar constitute willful noncompliance with the requirements of the FCRA.

79.    Plaintiff and Sub-class members have suffered damages as a result of Novastar's willful violation of the FCRA.

80.    As a result of Novastar's willful violations of the FCRA, Novastar is liable to Plaintiff and the Sub-class for statutory damages, nominal damages, punitive damages, costs, and their attorneys' fees herein.

### THIRD CAUSE OF ACTION

### DECLARATORY RELIEF
### (No Permissible Purpose)

81.    Plaintiff realleges and incorporates herein the allegations of Paragraphs 1 to 65.

82.    Pursuant to 28 U.S.C. §2201, Plaintiff asks the Court to declare the rights of the parties herein regarding Novastar's obligation to make firm

offers of credit to individuals whose consumer reports were obtained by Novastar in connection with credit transactions not initiated by the individuals, and specifically whether Novastar's practice complies with or violates the FCRA.

## FOURTH CAUSE OF ACTION

### DECLARATORY RELIEF
#### (Inadequate Disclosures)

83.   Plaintiff realleges and incorporates herein the allegations of Paragraphs 1 to 65.

84.   Pursuant to 28 U.S.C. §2201, Plaintiff asks the Court to declare the rights of the parties herein regarding Novastar's obligation to provide clear and conspicuous disclosures when making a written solicitation in connection with a credit transaction not initiated by the individual after obtaining a credit report on such individual, and specifically whether Novastar's practice complies with or violates the FCRA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment against Novastar as follows:

(a)   Certify this as a class action pursuant to Rule 23 and designate Plaintiff as adequate representative of the Class;

(b)    Award Plaintiff, and other Class members, statutory damages within the Court's discretion of not more than $1,000.00 for each separate violation, nominal damages, and punitive damages for Novastar's willful violations of the FCRA;

(c)    Declare Novastar's practice of obtaining consumer reports on individuals in connection with credit transactions not initiated by such individuals and then failing to undertake to make a firm offer of credit to such individuals violates the FCRA;

(d)    Declare that Novastar's practice of obtaining consumer reports on individuals in connection with credit transactions not initiated by the individuals and then sending the individuals solicitations which do not provide in a clear and conspicuous manner the disclosures required by the FCRA violates the FCRA;

(e)    Award Plaintiff reasonable attorneys' fees, prejudgment interest, and the costs and expenses incurred in this action, including experts' fees; and

(f)    Grant such other relief as may be appropriate under the circumstances.

## **TRIAL BY JURY**

Plaintiff demands trial by jury of all issues so triable in this action.

DATED:  December  5 , 2005

Philip Bohrer (#14089)
Scott E. Brady (#24976)
**Bohrer Law Firm**
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone:  (225) 925-5297
Facsimile:   (225) 231-7000

THIS IS NOT A CHECK
THIS IS NON-NEGOTIABLE AND NON-TRANSFERABLE

*The Amount of:*  Fifty-five thousand ***** 00/100                $55,000.00

*To the
Order of:*
Larry S. Pearson
10206 Facet Ct.
Orlando, FL  32836-6056



11550 Newcastle Avenue, Suite 200, Baton Rouge, LA 70816

Larry S. Pearson
Pre-Approved Number: 665BLF10

NOVASTAR
Home Mortgage, Inc.

## SPECIAL NOTICE:

Effective March 10, 2005 NovaStar Home
Mortgage may be able to reduce monthly
mortgage payments for FL homeowners.

Address of Record

Larry S. Pearson
10206 Facet Ct.
Orlando, FL  32836-6056

IlIlIllIIlIllIlllIllIllIlIlIlIllIlllIlIIlI

PRE-APPROVED NUMBER:
665BLF10

**– IMPORTANT DEADLINE –**
Reply by April 20, 2005 to confirm
the monthly cash flow savings
that you may qualify for.
**Call 800-259-1039**

Larry S. Pearson, due to recent
economic changes for FL
homeowners, we estimate your monthly
bills may be reduced by as much as ▼

$300 or more

Dear Larry S. Pearson,
    You have been pre-approved for $55,000 from NovaStar and you have been assigned
pre-approval number 665BLF10.  Call 1-800-259-1039 today and use this money to
potentially:
*   **Consolidate Bills** including high interest credit cards or finance company debt
    to reduce your monthly payments.
*   **Refinance** your mortgage and save.
*   **Receive Cash** for a major purchase.
*   **Complete home improvement projects** and add to the value and comfort of your home.
    **Still more exciting – this pre-approval means that you could qualify for a
substantial reduction in your monthly payments.**
    It's simple.  Just call 1-800-259-1039 now.  Speak directly with a mortgage
consultant Monday through Friday, 9:00am to 6:00pm.  You will then be given a
free loan consultation.
    There is no cost to apply and we make it easy for you to get your money ...
    Don't be concerned if you have had past credit problems, Novastar has many programs
available for customers with credit issues and will work hard to find one that works
for you.  We value you as a Novastar customer regardless of any current or past credit
trouble.
    So call 1-800-259-1039 now.  You'll be glad you called.  Si necesita asistencia en
espanol, por favor llama: (866) 290-4065.
Sincerely,

*Toby Arceneaux*

Toby Arceneaux
Branch Manager

P.S. Call 1-800-259-1039 between 9:00 am and 6:00 pm.  Monday through Friday and
    we'll take care of you from there. Apply online at *www.novastarhome.com/branch428.*

**SAVINGS ARE NOT AUTOMATIC. YOU MUST CALL 800-259-1039 BY April 20, 2005
AND GIVE YOUR PRE-APPROVED NUMBER: 665BLF10**



EXHIBIT

A

**Information contained in your credit file was used in preparing this offer. You received this offer because your credit history satisfied the criteria used for soliciting the recipients of this offer. This offer is conditioned on the re-verification of credit criteria used in making this offer, the satisfaction of NovaStar's other credit and income requirements, and collateral requirements. The collateral requirements include the eligibility of the subject property, NovaStar's loan-to-value limitations, the insurability of NovaStar's liens, and the insurance of the subject property against hazards and/or flood damage. The borrower is also responsible for all costs and fees associated with the loan. In many cases, these fees may be financed in order to minimize out-of-pocket expenses. All approvals must be confirmed by a final underwrite of your loan package by a lender. NovaStar Home Mortgage is not a lender.

You have the right to prohibit information contained in your credit file maintained by the credit agencies from being used in a credit transaction not initiated by you by calling or writing these agencies: Trans Union, Name removal option, P.O. Box 97328, Jackson, MS 39288; Equifax Options, PO Box 740123, Atlanta, GA 30374-0123; and Experian Consumer Opt-Out, 901 W. Bond, Lincoln, NE 68521: or call 1-888-OPT-OUT (1-888-567-8688.)

Rates, terms and loan amounts are estimates only and may vary on each loan and are subject to change. This is not a commitment to lend money. Loan is subject to qualification and approval in accordance with lenders' standard underwriting guidelines.

*Actual amount if credit may vary. Information continued in your credit file was used in preparing this offer. You received this offer because your credit file satisfied the criteria used for selecting the recipients of this offer. Amount represents what you may be able to receive to consolidate bills, make home improvements, or get cash; your actual loam amount may vary. NovaStar Home Mortgage Inc. loans typically pay off first mortgages. This offer is conditioned on re-verification of the credit criteria used in this offer, and credit may be extended if you do not meet those criteria. This offer is further conditioned on satisfaction of NovaStar Home Mortgage Inc.'s other criteria, including credit and income requirements, minimum loan amounts, and its normal and customary collateral requirements, including the eligibility of the subject property (single-wide mobile homes are ineligible), NovaStar Home Mortgage Inc.'s maximum loan-to-value limitations, the insurability of NovaStar Home Mortgage Inc.'s lien, and the insurance of the subject property against hazards and/or flood damage. The borrower also is responsible for the payment of all costs and fees associated with the loan. In many cases, these fees may be financed, so that out-of-pocket costs can be limited. Other terms and conditions may apply. You have the right to prohibit information contained in your file maintained by the credit reporting agencies from being used in a credit transaction not initiated by you calling (toll-free) 1-888-5-OPT-OUT (1-888-567-8688) or writing these agencies: Trans Union, Name Removal Opt-Out Request, P.O. Box 97328, Jackson, MS 39288; Eqifax Options, P.O. Box 740123, Atlanta, GA 30374-0123; and Experian Marketing, P.O. Box 919, Allen, TX 75013. In order to ensure your name is removed, you should write each agency or call the toll-free number.

JS 44 (Rev 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| **I. (a)  PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| Larry S. Pearson, on behalf of himself and those similarly situated | Novastar Home Mortgage, Inc. |

| **(b)** County of Residence of First Listed Plaintiff   Orange, Florida | County of Residence of First Listed Defendant   East Baton Rouge |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE.  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| **(c)** Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| Philip Bohrer and Scott E. Brady, 8712 Jefferson Highway, Suite B  Baton Rouge, LA   70809; (225) 925-5297 | |

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U S Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl Ret Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1681-1681w

Brief description of cause:
Violation of Fair Credit Reporting Act

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions.)   JUDGE _____   DOCKET NUMBER _____

DATE  12/5/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

469900 1003

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

*United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.*

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:          U.S. Civil Statute: 47 USC 553
                                                                Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.